[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Counsel for the defendant, Maryland Casualty Company has moved to disqualify this court from hearing the case of Charles Black, Administrator of the Estate of Dewitt C. Black v. Goodwin, Loomis Britton, Inc., et al because a stipulated judgment was entered between the plaintiff and the White Wheeler Company. The plaintiff has now brought an action against the Maryland Casualty Company alleging that it owed insurance coverage to White Wheeler. This action is brought under Connecticut General Statutes § 38a-321 which gives the plaintiff a right of action against an insurer if the judgment against the defendant (insured) is not satisfied within thirty days after the date it is rendered.
 Connecticut General Statutes § 38a-321 states in pertinent part:
 "Each insurance company which issues a policy . . . insuring against loss or damage on account of the bodily injury or death by accident of any person for which loss or damage such person, firm or corporation is legally responsible, shall, whenever a loss occurs under such policy, become absolutely liable, and the payment of such loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, damage or death occasioned by such casualty . . . Upon the recovery of a final judgment against any person, firm or corporation by any person . . . for loss or damage or account of bodily injury or death, if the defendant . . . was insured against such loss . . . and if such judgment is not satisfied within thirty days after the date it was rendered, CT Page 6933 such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant . . . could have enforced his claim against such insurer had such defendant paid such judgment.
The court approved the stipulation that judgment enter against White Wheeler Company (insured) in favor of the plaintiff. The written stipulation was filed with this court and approved by it. Judgment was entered in accordance with the stipulation in the amount of $500,000. The defendant (Maryland) has refused to pay the judgment. The main issue in the case is whether there was a policy in full force and effect between Maryland and White Wheeler at the time of the plaintiff's injuries and death.
By way of special defense, Maryland claims the judgment was collusive and against public policy. However, counsel, presents no evidence of this claim of collusion, nor does he cite any cases to support his claims.
Counsel argues in his brief that because this court stated during a pretrial that the procedure of stipulation to judgment by the plaintiff and the alleged insured had been approved in the past, that this court should be disqualified from hearing the case. Comments during a pretrial are in no way "public comment" on a case as claimed by counsel.
Furthermore, this court has no personal knowledge of disputed facts nor has it been a material witness concerning the case.
Accordingly, the motion to disqualify is denied.